UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

EMAD AL SWEIKI,

                       Plaintiff,                          **DECISION AND ORDER**

        -against-                                    23 Civ. 5706 (AEK)

CENTRAL PARK FOOD CORP.,
SCARSDALE FUEL & FOOD CORP., and
MORAD M. ALJAMAL,

                       Defendants.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.[1]**

      Plaintiff Emad Al Sweiki commenced this action on July 3, 2023, asserting claims against Defendant Central Park Food Corp., Scarsdale Fuel & Food Corp., and Morad M. Aljamal (together, "Defendants") for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") based on alleged failures to pay overtime wages and spread of hours pay, and the alleged failure to provide wage statements and notices. ECF No. 1. Before the Court is the parties' application for approval of a proposed settlement agreement in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). ECF No. 26-2 ("Revised *Cheeks* Mot.")[2]; ECF No. 23-1 ("Proposed Settlement Agreement"). For the reasons that follow, the Court APPROVES the Proposed Settlement Agreement.

---

[1] The parties have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). ECF No. 24.

[2] The motion for settlement approval was first submitted on November 29, 2024. ECF No. 23. After a preliminary review, the Court notified counsel that additional information related to the requested costs was needed. ECF No. 25. In providing the requested information, Plaintiff's counsel noted that his requested costs should have been $25 more, and as such submitted a revised motion for settlement approval, ECF No. 26-2, and revised billing records, ECF No. 26-1 ("Billing Records") to reflect the new amount.

## DISCUSSION

In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the [United States] Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020). Thus, a district court in this Circuit must review a proposed FLSA settlement and determine whether it is fair and reasonable. *See, e.g.*, *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, No. 20-cv-7131 (KMK), 2021 WL 38264, at *2 (S.D.N.Y. Jan. 5, 2021). When reviewing a proposed settlement agreement in an FLSA case, district courts consider the "totality of circumstances," *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), to assess whether the agreement is fair and reasonable, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Fisher*, 948 F.3d at 600 (quoting *Wolinsky*, 900 F. Supp. 2d at 335-36). In addition, the following factors "weigh against approving a settlement":

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336 (quotation marks omitted). "[T]here is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Xiao v. Grand Sichuan Int'l St. Marks,*

2

*Inc.*, Nos. 14-cv-9063, 15-cv-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quotation marks omitted).

Having reviewed the parties' submissions in support of the Proposed Settlement Agreement and having considered the totality of the circumstances, the Court finds that the parties' Proposed Settlement Agreement is fair and reasonable.

All five *Wolinsky* factors weigh in favor of approval. Regarding the amount to be recovered by Plaintiff, the Proposed Settlement Agreement provides for a total settlement payment of $7,500, with $5,000 payable to Plaintiff and $2,500 payable to Plaintiff's counsel as attorneys' fees and costs. Plaintiff provided the Court with his calculations of his maximum possible recovery on his FLSA and NYLL claims were he to succeed at trial. *See* ECF No. 23-2 ("Damages Calculations"). According to the Damages Calculations, Plaintiff would be entitled to a total of $56,951 if he were to fully prevail at trial. *Id.* This figure is inflated, however, in two readily apparent ways. First, the complaint includes only the most minimal allegations regarding Defendants' alleged violations of the NYLL sections regarding wage notice and wage statement obligations. *See* ECF No. 1 ¶¶ 28-31. These allegations almost certainly would not be sufficient to establish Plaintiff's standing to pursue these claims in light of recent Second Circuit precedent. *See Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 309-10 (2d Cir. 2024) (employee lacked standing to sue for employer's failure to provide wage notices and wage statements where he failed to allege a causal connection between the lack of accurate notices and actual downstream harm). Accordingly, the potential damages for these claims should not be included in Plaintiff's maximum potential recovery. Second, Plaintiff's total damages figure includes sums for prejudgment interest and liquidated damages. *See* Damages Calculations. Recovery for both prejudgment interest and liquidated damages in FLSA cases is improper. *See*

*Aguilar v. N & A Prods. Inc.*, No. 19-cv-1703 (RA), 2019 WL 5449061, at *1 (S.D.N.Y. Oct. 24, 2019) (quoting *Brock v. Superior Care Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1988)).

Without the contemplated damages for prejudgment interest and the wage notice and wage statement claims, Plaintiff's maximum potential recovery at trial is $45,990. The $5,000 payable to Plaintiff constitutes approximately 10.9 percent of Plaintiff's maximum projected recovery, and 24.7 percent of his unpaid wages (including both overtime and spread-of-hours pay). Courts have approved similar percentages where there were significant litigation risks to a plaintiff achieving their best-case-scenario recovery. *See Andreyuk v. ASF Constr. & Excavation Corp.*, No. 19-cv-7476 (AEK), 2023 WL 3993933, at *3 (S.D.N.Y. June 14, 2023) (approving settlement amount equal to 8 percent and 9 percent of two individual plaintiffs' total possible recovery); *see also Zorn-Hill v. A2B Taxi LLC*, Nos. 19-cv-1058, 18-cv-11165 (KMK), 2020 WL 5578357, at *4-5 (S.D.N.Y. Sept. 17, 2020) (approving settlement amount equal to 12.5 percent of the plaintiffs' best-case scenario recovery in case involving "major factual and legal litigation risks"); *Aguilar*, 2019 WL 5449061, at *1-2 (approving settlement of $40,000 where the plaintiffs' estimated potential recovery was $570,000, based on, *inter alia*, a dispute about the plaintiff's exempt status and number of hours worked); *Gervacio v. ARJ Laundry Servs. Inc.*, No. 17-cv-9632 (AJN), 2019 WL 330631, at *1 (S.D.N.Y. Jan. 25, 2019) (approving settlement that would net the plaintiff approximately 13 percent of the maximum possible recovery amount (*i.e.*, $4,000 to the plaintiff out of a possible $29,820.41) where facts were disputed).

Second, the Proposed Settlement Agreement will enable the parties to avoid significant additional expenses and burdens associated with establishing their claims and defenses. While the parties conducted "limited discovery" in aid of settlement, *see* ECF No. 19, additional

4

discovery and depositions, and potentially motion practice, would need to occur to advance this case to trial, all of which would increase the time and expense for both parties.

Third, both parties would have faced significant risks if this case had proceeded to trial. Defendants deny Plaintiff's claims and dispute the factual allegations about the number of hours and days that Plaintiff worked and whether he received premium overtime pay. *See* Revised *Cheeks* Mot. at 2. Indeed, Defendants already succeeded in narrowing the scope of the claims in this case through the limited discovery produced to further settlement negotiations—whereas Plaintiff alleged in the complaint that he had worked for Defendants since November 2019, *see* ECF No. 1 ¶ 7, the motion for settlement approval makes clear that Plaintiff started working for Defendants in February 2022, *see* Revised *Cheeks* Mot. at 2. At the same time, Defendant properly recognizes the potential of a substantial payout, and even if Plaintiff were to prevail at trial and recover only limited damages, the risk to Defendants is enhanced by the fee shifting provisions of the FLSA. *Id.* Plaintiff also acknowledges that his damages calculations are "based on an optimistic, best-case scenario outcome." *Id.*. In addition, Plaintiff identifies the possibility of challenges associated with the collection of any judgment in his favor, and it is well settled that potential difficulty in collecting damages militates in favor of finding a settlement reasonable. *See Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (collecting cases). Because of the anticipated risks and costs involved in pursuing this matter through discovery and trial, settlement is an effective means of resolving the litigation for both parties.

Fourth, the Court has no reason to doubt that the Proposed Settlement Agreement is the product of arm's-length bargaining between experienced counsel.

Fifth, the Court has no reason to believe that the Proposed Settlement Agreement is the product of fraud or collusion.

Moreover, none of the factors set forth in *Wolinsky* that weigh against approving a settlement exist in this case.  This is a case involving an individual Plaintiff—the Court is not aware of other employees who are similarly situated to Plaintiff, and Plaintiff will be the only employee affected by the settlement and dismissal of the lawsuit.  Given that the employment relationship between Plaintiff and Defendant has ended, there is no likelihood that the circumstances that gave rise to this lawsuit will recur.  *See Cheeks* Motion at 2.  The Court is not aware of a history of FLSA non-compliance by this employer, and the complaint in this matter does not appear to raise novel factual or legal issues that would further the development of law in this area.

The Proposed Settlement Agreement also does not contain any problematic sections, such as confidentiality provisions or non-disparagement clauses, that would preclude court approval.  The "Release of all Wage & Hour Claims" section of the Proposed Settlement Agreement is appropriately limited to the wage-and-hour claims asserted in this action and related claims that could have been asserted.  *See Illescas v. Four Green Fields LLC*, No. 20-cv-9426 (RA), 2021 WL 1254252, at *1 (S.D.N.Y. Apr. 5, 2021).  One clause of the waiver and release paragraph could, at first glance, be read as an overbroad release, inasmuch as it describes the Plaintiff's release as including claims related to "any wage and hour actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, union grievances, claims, charges, complaints, appeals and demands whatsoever, in law or equity . . . ." Proposed Settlement Agreement ¶ 3.  But this language must be understood in context with the remainder of the

document, which makes clear that Plaintiff is only releasing Defendants from "*any and all wage and hour claims*." *Id.* ¶ 9(a) & p. 5 (final unnumbered paragraph) (emphasis added).  It is therefore apparent to the Court that the phrase "wage and hour" at the beginning of the above-quoted portion of paragraph 3 of the Proposed Settlement Agreement acts as a modifier of every successive noun in that sentence, and not just as a modifier of "actions."  In other words, the release pertains to any wage and hour actions, any wage and hour causes of action, any wage and hour suits, any wage and hour debts, and so on.  The inclusion of the other nouns in that sentence must not be read to expand the scope of the release provision beyond any potential wage and hour claims.

With respect to attorneys' fees and costs, the Proposed Settlement Agreement provides for Plaintiff's counsel to receive $1,898 in fees—approximately 27.5 percent of the total settlement amount net of costs—and $602 in costs.  Revised *Cheeks* Mot. at 3.  "Courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Santos v. YMY Mgmt. Corp.*, No. 20-cv-1992 (JPC), 2021 WL 431451, at *2 (S.D.N.Y. Feb. 8, 2021) (cleaned up).  "However, even when the proposed fees do not exceed one third of the total settlement amount, courts in this [C]ircuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees."  *Id.* (quotation marks omitted).  Appropriately, Plaintiffs' counsel has submitted contemporaneous time records and hourly rate information to substantiate the fee application.  *See* Billing Records; *see also Fisher*, 948 F.3d at 600 ("The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs.").

7

Applying the lodestar method, Plaintiff's counsel claims to have spent 13.3 hours on this case at an hourly rate of $450, which would have yielded a total lodestar fee of $5,985.[3] *See* Billing Records. The proposed attorneys' fee represents approximately 32.1 percent of the lodestar amount, which is fair and reasonable given the facts and circumstances of this case. *See Gervacio,* 2019 WL 330631, at *3 ("The true lodestar amount is . . . greater than the fee award contained in the settlement agreement. As a result, the Court does not disturb the calculation of attorneys' fees . . . .").

In addition, Plaintiff's counsel seeks $602 in costs. Counsel in FLSA cases may be awarded reasonable out-of-pocket expenses that are properly substantiated. *See, e.g., Cortes v. New Creators, Inc.*, No. 15-cv-5680 (PAE), 2016 WL 3455383, at *6 (S.D.N.Y. June 20, 2016) ("Court fees reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as invoices or receipts. A sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items is also sufficient.") (citations omitted). Counsel has provided a sworn declaration from a process server to account for the $200 requested for "service." ECF No. 27; Billing Records. The remaining $402 in costs are attributed to the filing fee paid to initiate this case, an expense that is reflected on the docket. *See* ECF No. 1; Revised *Cheeks* Mot. at 3; Billing Records at 2. The Court finds that the request for costs is reasonable, as the costs are sufficiently substantiated and "of the type commonly reimbursed by courts in this District." *Cortes*, 2016 WL 3455383, at *6

---

[3] Because the Court finds the requested fees to be reasonable, it will not address whether the specific rates charged and number of hours expended on this case, as reflected in Plaintiff's counsel's billing records, are themselves reasonable.

**CONCLUSION**

For the foregoing reasons, the Revised *Cheeks* Motion at ECF No. 26-2 is GRANTED. The Court finds the Proposed Settlement Agreement to be fair and reasonable, and the agreement as filed at ECF No. 23-1 is hereby APPROVED.

It is hereby ordered that this action is dismissed without prejudice to restoring the action to the Court's calendar, provided the application is made within 75 days of this Decision and Order. Any application to reopen that is filed after 75 days from the date of this Decision and Order may be denied solely on that basis.[4]

The Clerk of Court is respectfully directed to close this case.

Dated: February 5, 2025
      White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

---

[4] The now-approved settlement agreement states that "Defendants' counsel will hold in escrow the Stipulation of Dismissal [ECF No. 23-1 at pp. 8-9] agreed to by the parties and will file it with the Court once full and complete payment is received by Plaintiff's counsel." ECF No. 23-1 ¶ 4. When the Stipulation of Dismissal is filed, counsel should include a signature block for the undersigned, rather than for Judge Karas, who was previously presiding over this matter.